## Kavanaugh v. Duncan.

June 14, 1949.

John D. Driskill for appellant.

David R. Reed for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Mrs. Letha Kavanaugh, a resident of Detroit, Michigan, instituted this action to gain custody of her two infant daughters by a former marriage, namely, Janice Bristow, age 9, and Brenda Bristow, age 5. The appel-

lee, Mrs. Maude Duncan, a sister of Mrs. Kavanaugh's former husband, John Bristow, has had custody of the older child since August, 1947, and the younger one since September of that year. Mrs. Duncan was not represented by counsel in the lower court and the chancellor took the initiative in examining her. The appeal is from a judgment denying the relief sought by Mrs. Kavanaugh.

According to Mrs. Kavanaugh's testimony, she was awarded a divorce from John Bristow in Michigan, in 1947. She said she was given the custody of her two children and allowed the sum of $15.00 a week for their support and maintenance. Mrs. Duncan said her brother brought the older child to her home in 1947 and told her he would pay her $25.00 a month for the child's maintenance. She said Mrs. Kavanaugh brought the younger child in September, 1947, and agreed to pay her $25.00 a month for keeping that child. Mrs. Kavanaugh gave her own poor health as a reason for leaving the younger child with Mrs. Duncan. She sought to show that she had offered to pay the transportation of her children to Detroit, if Mrs. Duncan would bring them there. One of her reasons for not attempting to visit or gain the custody of her children until this action was filed in May of this year was that Mrs. Duncan had threatened her with bodily harm if she sought to get the children. On the other hand, Mrs. Duncan said she bore no ill will toward Mrs. Kavanaugh. Mrs. Duncan said Mr. Bristow had paid her only $200.00 for the upkeep of the children and that there was an amount in excess of $800.00 owing her. When asked whether or not she would be willing to release the children if the $800.00 were paid to her, she said: "Yes, they are her children. I want her to have them. I feel sorry for them. I always have loved Letha, ever since she has been in my family. * * *" Mrs. Duncan gave similar responses to other questions along this line. During the past year the younger child has been quite ill, and there seems to be but little doubt that she has had inadequate medical attention though not necessarily because of neglect on the part of Mrs. Duncan. There is no showing whatever that Mrs. Kavanaugh is not a suitable person to have the custody of her daughters. Her present husband makes $70.00 a week, and she lives in a five room apartment near a school.

Counsel for the appellee cites the case of Lowery v. Fayette County Children's Bureau, 306 Ky. 817, 209 S. W. 2d 487, in support of the decision of the chancellor. As said in the Lowery Case, when the right to the custody of children is involved in a habeas corpus proceeding, the inquiry goes further than in such proceedings involving only a question of personal freedom. In a child custody case the best interests of the child rather than those of the party seeking the writ are paramount. While we are not unmindful of that rule, we fail to see the basis for the chancellor's ruling in the present case. The hearing on the writ was brief, and the chancellor personally took part in the examination of the witnesses. Mrs. Duncan must be commended for the manner in which she has cared for the Bristow children, and, unquestionably, she is entitled to some allowance for their maintenance. However, her rights, whatever they may be, must not be held superior to the welfare of the children. We are convinced from the record before us that the interests of the children would be best served by awarding Mrs. Kavanaugh their custody.

Judgment reversed, with directions to set it aside and for the entry of a judgment in conformity with this opinion.